Filed 7/1/24  P. v. Glass CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CORNELL GLASS,<br><br>    Defendant and Appellant. | 2d Crim. No. B333211<br>(Super. Ct. No. MA074807)<br>(Los Angeles County) |


Cornell Glass appeals a judgment following his 2023 resentencing hearing on gang enhancement allegations required by Assembly Bill No. 333 (2021-2022 Reg. Sess.).  We appointed counsel to represent Glass on this appeal.  After reviewing the record, counsel filed an opening brief relying on *People v. Wende* (1979) 25 Cal.3d 436.  Glass filed a supplemental brief.  We affirm.

## FACTS

One afternoon in 2018, Z.W. and I.W. were at home.  Three men holding guns and wearing masks entered.  They zip tied Z.W.'s hands and ankles and pistol-whipped Z.W.  At gunpoint,

I.W. handed the gunman an envelope with $20,000 in cash and a bottle with $13,000. The robbers took a bag with $150,000 to $170,000, mostly in new, sequentially numbered $100 bills. (*People v. Glass* (June 3, 2021, B303432 [nonpub. opn.].).)

A month after the robbery, sheriff's deputies stopped Glass for traffic violations. Glass fled, pointed a gun at a deputy, and was arrested. In Glass's pants were $6,300 in uncirculated, sequentially numbered $100 bills. The series' dates on the bills were consistent with the stolen money from the robbery. (*People v. Glass*, *supra*, B303432.)

In October 2018, Glass spoke on the phone from jail. He said it was a home invasion robbery, and even though he "didn't go in there," he could be charged with aiding and abetting. He added that his lawyer was saying, [A]ll right you didn't go in but you still could get charged with fucking aiding and shit. Aiding." (*People v. Glass*, *supra*, B303432.) The People introduced text messages between Glass and another gang member who texted Glass looking for "[s]umbody [*sic*] I could rob." (*Ibid.*) He was looking to rob narcotics dealers. Glass responded, "[You] can't rob them." The gang associate then texted, "I just followed these [M]uslim people [home] today. . . . They had dough." (*Ibid.*) The robbery victims are from Syria and speak Arabic and English. (*Ibid.*)

Glass was convicted in a court trial of two counts of home invasion robbery (counts 1 and 2; Pen. Code, §§ 211, 213, subd. (a)(1)(A))[1]; assault with a firearm (count 5; § 245, subd. (a)(2)); and battery with serious bodily injury (count 6; § 243, subd. (d)). (*People v. Glass*, *supra*, B303432.) The trial court found true allegations that the crimes were committed to benefit a criminal

_____

[1] All statutory references are to the Penal Code.

street gang (counts 1, 2, 5, and 6; § 186.22, subd. (b)); use of a firearm (counts 1 and 2; § 12022.53, subds. (b) & (e)); and armed with a firearm (counts 5 and 6; § 12022, subd. (a)(1)). The court sentenced Glass to two consecutive indeterminate terms of 15 years to life for counts 1 and 2. The court stayed the sentences of nine years each for counts 5 and 6 with gang and armed with firearm enhancements. (*Glass*, B303432.)

On June 3, 2021, we modified the judgment to strike the firearm use enhancements. In all other respects, we affirmed. (*People v. Glass*, *supra*, B303432.)

In August 2021, the Department of Corrections and Rehabilitation notified the trial court of certain sentencing errors. The trial court held a resentencing hearing. It made some changes for certain counts, but it again resentenced Glass to 30 years to life on counts 1 and 2.

Glass filed an appeal. We remanded the case for resentencing on the gang enhancement allegations because of Assembly Bill No. 333; we otherwise affirmed. (*People v. Glass* (Jan. 1, 2023, B314909) [nonpub. opn.].) On remand at the resentencing hearing, the trial court dismissed the gang enhancement allegations and resentenced Glass to an aggregate determinate sentence of 17 years eight months. Glass appeals.

## DISCUSSION

Glass claims the trial court erred. We disagree. The court followed the remand order, dismissed the gang enhancement allegations, and substantially reduced his sentence. Glass asked the court to reopen his case for "discovery." But the court said, "If you wish to look over your discovery and file a petition for writ of habeas corpus somewhere down the road, you're free to do that. In terms of why you're here right now, I'm going to sentence you

in accordance with what I think the Court of Appeal intended
. . . ."

Glass claims he received ineffective assistance from counsel. He states, "My first appeal lawyer never challenged my whole case." The gang evidence should have been excluded. "I would like a different attorney."

But Glass makes these claims without citing to the record and without setting forth a summary of facts as required by the California Rules of Court. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) There is no showing regarding his counsel's explanations for their decisions.

Our Supreme Court held, " ' "[I]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

Moreover, in his first appeal, Glass claimed his trial counsel was ineffective. We rejected that claim and wrote, "Nor is it reasonably probable that absent any shortcomings of counsel the result would have been different. [T]he evidence of guilt was " 'overwhelming.' " (*People v. Glass*, *supra*, B303432.)

Glass's apparent challenge to his prior convictions fails. He has not cited to the record. (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.) We affirmed those convictions in 2021, and his guilt was " 'overwhelming.' " (*People v. Glass*, *supra*, B303432.)

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Henry J. Hall, Judge

Superior Court County of Los Angeles

_____

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.